THE STATE, on the Relation, &c., *v.* BOTTORFF and Others.

Debt on a county treasurer's bond.  Breaches assigned: 1. The treasurer's failure to pay over money, &c.; 2, 3, and 5.  His non-payment of county orders; 4. His failure to make a return and settlement, his non-payment over of the money in his hands according to the statute, and his failure to have the money before the board of county commissioners; 6. His failure to pay over certain money in his hands, being the county revenue, &c., to his successor in office.  *Held*, that the 6th breach was good and the others bad.

Nov. Term,
1846.

THE STATE
v.
BOTTORFF.

Wednesday,
January 27,
1847.

ERROR to the *Clark* Circuit Court.

BLACKFORD, J.—This was an action of debt against *Bottorff* and his sureties on a bond dated in *August*, 1841, conditioned that *Bottorff*, who had been elected county treasurer, should pay over all moneys that should come into his hands for state, county, road, or other purposes. The declaration, after alleging *Bottorff's* election, &c., his giving bond, &c., avers that assessors were appointed, &c.; that the rate of taxes for 1841 was fixed, &c.; that the duplicate and precept were delivered to *Bottorff* in *September* in that year; that the county revenue amounted to the sum of, &c.; that *Bottorff* collected the same, &c.; that the board of commissioners, in 1842, removed *Bottorff* from office and appointed one *Mitchell* in his place, &c. There are six breaches assigned, which were all demurred to, and the demurrers sustained. Judgment for the defendants.

The first breach is, that *Bottorff* had failed to pay over money, &c. This breach is bad for omitting to state to whom *Bottorff* had failed to pay the money. The second, third, and fifth breaches are for the non-payment of county orders. The orders are not sufficiently described. The fourth breach alleges that *Bottorff* had failed to make a return and settlement, &c. The condition of the bond has no reference to such matters. This breach alleges that *Bottorff* did not pay over the money in his hands according to the statute; but that is too general. It also says that he had failed to have the money before the board of county commissioners; but he was not bound to have the money there. The sixth breach is, that *Bottorff* had failed to pay over certain money in his hands, being the county revenue of 1841, to his successor in office. We see no objection to this breach.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. G. Marshall*, for the plaintiff.

*R. Crawford*, for the defendants.